HAWLEY C. OLMSTEAD *v.* STEPHEN D. HERRICK and others.

The legal inference from a condition, in a general assignment for the benefit of creditors, that the trustee, in accepting the trust, shall be accountable only for gross neglect and willful misfeasance, and only for property that may come under his control, is, that the assignment is fraudulent.

Such a reservation is repugnant to the true purpose of the trust, and an assignment containing it is void as against creditors.

When a man in failing circumstances, assigns his property in trust for the payment of his debts, he is bound to select an assignee who will do all required by law in respect to the rights of those having a beneficial interest in the property assigned.

The law holds such an assignee to an exercise of the care and diligence of a provident owner.

Creditors coming in under such an assignment, and claiming the benefit of its provisions, would be bound by the stipulation upon which the assignee accepted the trust.

The meaning of "gross negligence," considered.

THIS suit was to obtain possession of personal property which had been taken by the defendants under an execution upon a judgment. The plaintiff claimed the possession, as assignee of the judgment debtor, under an assignment in trust for the benefit of creditors, containing the following clause:

"And it is hereby declared and agreed, by the said parties to these presents, that the party hereto of the second part, (the assignee,) in accepting this assignment, by affixing his hand and seal hereto, shall and will be accountable under the assignment only for *gross neglect* and *willful misfeasance*, and only for funds and property that may come to his hands and under his control."

The cause was tried before INGRAHAM, FIRST J., and a jury;

and a nonsuit was granted on the ground that the assignment was rendered void by the above provision. Judgment was thereupon entered for the defendants. The plaintiff appealed.

*M. H. Luff* and *E. W. Stoughton*, for the plaintiff, cited *Humphrey* v. *Western Bank*, 6 Watts & Sergeant, 300, 313; *Ashurst* v. *Martin*, 9 Porter, 566, 575; *Barney* v. *Griffin*, 2 Coms. 365.

*D. McMahon, Jr.*, for the defendants.

By THE COURT. DALY, J.—There is nothing in this case to distinguish it in principle from *Litchfield and others against White and Leonard*, 3 Sand. S. C. R. 545, and to the reasoning of Judge Sandford in that case I most fully assent.

The trust is upon the express condition that the assignee shall not be accountable but for gross neglect, and willful misfeasance, and only for property that may come to his hands and under his control, and the legal inference from such a condition is, that it is made with a fraudulent intent.

As between bailor and bailee, there is no objection to stipulating, that the bailee shall not be liable for any degree of mere negligence; (Theobald's Jones on Bailments, 20, note 5;) for it affects the contracting parties alone. But, in this case, the rights of third parties are affected. It is an assignment for the benefit of creditors, and when a man in failing circumstances assigns his property in trust for the payment of his debts, he is bound to select an assignee that will do all that the law requires of a trustee, in respect to the rights of those that have a beneficial interest in the property assigned. When the debtor, therefore, absolves his assignee from the exercise of that care and diligence essential to the due administration of the trust—when he consents that he shall be released from all liability, except when he is guilty of willful misfeasance or gross neglect—that is, that he shall not be answerable for any losses that may be occasioned by his want of ordinary caution, his inexcusable mistakes, or any act of negligence which is not gross in de-

gree; the debtor does that which he has no right to do, and which is repugnant to the true purpose of such a trust. The law holds an assignee who undertakes to dispose of a debtor's property for the benefit of creditors, to the exercise of the care and diligence of a provident owner. This duty on his part is essential to the faithful and proper discharge of the trust, and when a debtor consents to release him from it, the obvious and the legal inference is, that he does so from no proper motive.

It is not necessary to suggest the abuses that such a condition would cover. It is a badge of fraud, and to uphold it as against creditors, would be to deprive them of the guarantees which the law provides for the due protection of their rights.

It is urged, that the term gross negligence has no distinct legal significance; that it means nothing more than negligence; and that the use of it, in this instrument, would not exempt the assignee from liability for any act of negligence. In *Hinton* v. *Dibbin*, (A. & E., N. S., 646,) Lord Denman, in considering the liability of carriers under certain statutes, doubted whether as between gross negligence and negligence, merely, any intelligible distinction existed, and a similar doubt was expressed in *Wilson* v. *Brett* (11 M. & Wels. 113). Without going into that question, it is sufficient to say, that the term, as employed in this instrument, creates a distinction, between negligence of an aggravated character and that which is lighter in degree; a distinction, which a court or the jury, (whose province it is to pass upon the degree of negligence, *Smith* v. *Horne*, Holt, C. 643,) might draw, in a certain state of facts, so as to exempt the assignee, though guilty of negligence, upon the ground that it was not negligence of a gross or aggravated kind.

It is urged, that as the condition is repugnant to the policy of the law, the assignee would, notwithstanding its existence, continue liable for the want of ordinary care and diligence. Upon this point, however, I think that creditors coming in under the assignment, and claiming the benefit of its provisions, would be bound by the stipulation upon which the

assignee accepted the trust. *Jewett* v, *Woodward*, 1 Edwards Ch. 195, 197. The nonsuit must be confirmed.

Judgment affirmed.